**Gurtej SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–4934–AG.**

United States Court of Appeals, Second Circuit.

Nov. 18, 2005.

Gurtej Singh, Richmond Hill, New York, Petitioner, pro se.

Maxwell Wood, United States Attorney for the Middle District of Georgia, Sharon T. Ratley, Assistant United States Attorney, Macon, Georgia, for Respondent.

Present: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED, and the BIA's order be AFFIRMED.

Gurtej Singh petitions for review of the May 2003 decision of the BIA denying his motion to reopen his removal proceedings. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

Singh's underlying claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") were denied in July 1999, based on the Immigration Judge ("IJ")'s adverse credibility determination and finding of improved country conditions. The former finding was, in turn, based on Singh's failure to corroborate his testimony with documents confirming his membership in the All India Sikh Student Federation, contemporaneous medical records detailing the injuries he suffered from police beatings, and testimony or an affidavit from his brother, an asylee living in New York. The BIA summarily affirmed the IJ's decision, and Singh did not file a petition for review from that order. Instead, Singh moved the BIA to reopen his removal proceedings based on a repetition of his earlier arguments, supported by a number of newspaper articles discussing generally the situation of Sikhs in India.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (*per curiam*). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34; *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). Under the regulations, "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *Kaur,* 413 F.3d at 234. Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure to establish a prima facie case for the

**534**

underlying substantive relief sought. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

In the present case, the BIA denied Singh's motion to reopen because it concluded that the allegedly new evidence Singh provided did not establish a *prima facie* case of eligibility for asylum or withholding of removal. This was a proper basis for denying the motion, *see id.* at 104, 108 S.Ct. 904, and it was a rational conclusion. The evidence Singh offered in support of his motion related only to the issue of whether there is persecution of Sikhs in India. That issue, however, was not the basis of the IJ's denial of Singh's underlying claims for relief. Instead, the IJ denied Singh's underlying claims because he had not offered sufficient evidence to prove the facts he alleged as to his *own* experiences and his *own* fear of persecution. To date, Singh has failed to offer such evidence or explain why it is absent. Nor does the evidence presented indicate that conditions for Sikhs in India have changed substantially since Singh's 1999 hearing. Therefore, the BIA did not abuse its discretion in denying Singh's motion to repoen.

For the foregoing reasons, the petition for review is DENIED and the BIA's May 2003 order is AFFIRMED.